[Cite as *State v. Craig*, 2019-Ohio-1092.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## BELMONT COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

BRADLEY ALAN CRAIG,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 18 BE 0001

---

Criminal Appeal from the
Court of Common Pleas of Belmont County, Ohio
Case No. 17 CR 309

**BEFORE:**
Cheryl L. Waite, Gene Donofrio, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Dan Fry*, Belmont County Prosecuting Attorney and *Atty. Joseph A. Vavra*, Assistant Prosecuting Attorney, 147-A West Main Street, St. Clairsville, Ohio 43950, for Plaintiff-Appellee

*Atty. Meagan Todaro Kirchner*, Shaheen Law Group, P.O. Box 579, Saint Clairsville, Ohio 43950, for Defendant-Appellant.

Dated: March 21, 2019

---

**WAITE, P.J.**

**{¶1}** Appellant Bradley Alan Craig appeals a December 19, 2017 Belmont County Common Pleas Court judgment entry convicting him of pandering obscenity involving a minor. Appellant argues that the trial court's imposition of a maximum sentence is contrary to law. For the reasons provided, Appellant's argument is without merit and the judgment of the trial court is affirmed.

Factual and Procedural History

**{¶2}** On November 11, 2017, the state filed a bill of information charging Appellant with a sole count of pandering obscenity involving a minor, a felony of the fourth degree in violation of R.C. 2907.321(A)(5). Appellant waived indictment and pleaded guilty to the sole offense as charged. The state agreed to remain silent at sentencing.

**{¶3}** On December 18, 2017, the trial court held a sentencing hearing. Defense counsel recommended a community control sanction at the Eastern Ohio Correctional Center ("EOCC") in lieu of a prison sentence. Pursuant to the Crim.R. 11 plea agreement, the state remained silent. The trial court noted that Appellant had been charged, although not convicted of all, twenty-seven offenses that were included within the pre-sentence investigation report ("PSI") as an adult. The trial court also noted the severity of the instant offense and the harm done to the victims, who were children. Although the trial court did not find the existence of any of the nine R.C. 2929.13(B)(2) factors, the court sentenced Appellant to the maximum sentence, eighteen months of incarceration, with credit for fifty-two days served. Although Appellant states that he received five years of postrelease control, the record clearly indicates that the trial court imposed a three-year postrelease control period. Additionally, Appellant was classified as a tier two offender for registration purposes.

## ASSIGNMENT OF ERROR

The trial court erred in sentencing the defendant-appellant, Bradley Alan Craig, to a maximum term of eighteen (18) months in the penitentiary, with a five (5) year term of post release control, following his conviction for a single count of "Pandering Obscenity Involving a Minor," a violation of R.C. § 2907.321(A)(5), a felony of the fourth degree.

{¶4} Appellant argues that the trial court improperly considered twenty-seven offenses that were included within his PSI report. Appellant urges that not all of these offenses resulted in a conviction. Appellant contends it is clear the sentence imposed by the trial court improperly relied on these charges as the court specifically found that none of the R.C. 2929.13(B)(2) factors existed. Additionally, Appellant argues that the trial court should have focused on his remorse and the potential benefit of being sentenced to the EOCC.

{¶5} In response, the state argues that the trial court expressly stated it considered all of the relevant sentencing statutes. The state notes that the court also stated that it considered Appellant's lengthy criminal record and the fact that the victim in this case is a minor.

{¶6} An appellate court is permitted to review a felony sentence to determine if it is contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 23. Pursuant to *Marcum*, "an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *Id.*

{¶7} Pursuant to R.C. 2929.13(B)(1)(b):

The court has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense if any of the following apply:

* * *

(v)   The offense is a sex offense that is a fourth or fifth degree felony violation of any provision of Chapter 2907. of the Revised Code.

**{¶8}**   Here, Appellant was convicted of a sex offense that is a fourth degree felony in violation of Chapter 2907 of the revised code.  Thus, the trial court had discretion to impose a prison term.

**{¶9}**   Appellant next argues that the trial court improperly considered the twenty-seven offenses contained in his PSI, as not all of those charges resulted in convictions. We have acknowledged that "[i]t is well established that sentencing courts may consider arrests and even prior allegations that did not result in conviction before imposing sentence." *State v. Martin,* 7th Dist. No. 16 MA 0160, 2018-Ohio-862, ¶ 7, citing *State v. Hutton*, 53 Ohio St.3d 36, 43, 559 N.E.2d 432 (1990).  As such, the trial court properly considered Appellant's prior criminal history.

**{¶10}** Accordingly, Appellant's sole assignment of error is without merit and is overruled.

### Conclusion

**{¶11}** Appellant argues that the trial court's imposition of a maximum sentence is contrary to law.  As the trial court properly considered the relevant sentencing statutes, Appellant's argument is without merit and the judgment of the trial court is affirmed.

Donofrio, J., concurs.

D'Apolito, J., concurs.

_____

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Belmont County, Ohio, is affirmed.  Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure.  It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

**<u>NOTICE TO COUNSEL</u>**

**This document constitutes a final judgment entry.**