[Cite as *State v. Dalton*, 2023-Ohio-892.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## BELMONT COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

GARRICK A. DALTON,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 22 BE 0028**

---

Criminal Appeal from the
Court of Common Pleas of Belmont County, Ohio
Case No. 20 CR 116

**BEFORE:**
David A. D'Apolito, Carol Ann Robb, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. J. Kevin Flanagan,* Belmont County Prosecutor, and *Atty. Jacob A. Manning,* Assistant Prosecuting Attorney, 52160 National Road, St. Clairsville, Ohio 43950, for Plaintiff-Appellee and

*Atty. Brian A. Smith*, Brian A. Smith Law Firm, LLC, 123 South Miller Road, Suite 250, Fairlawn, Ohio 44333, for Defendant-Appellant.

Dated:  March 13, 2023

**D'Apolito, P.J.**

{¶1}    Appellant, Garrick A. Dalton, appeals his conviction and maximum sentence following his entry of a guilty plea in the Belmont County Court of Common Pleas to a single amended charge of trafficking in drugs in violation of R.C. 2925.03(A)(2), (C)(9)(f), a felony of the first degree.  In his first, second, and fourth assignments of error, Appellant contends his plea was not knowingly, voluntarily, and intelligently made; his trial counsel was ineffective; and his sentence is contrary to law because the state warranted that the original drug trafficking charge carried a mandatory maximum sentence.  In his third assignment of error, Appellant argues that his sentence is contrary to law because the state asserted at sentencing that Appellant avoided the application of the major drug offender specification based on the amendment of the trafficking charge.

{¶2}    Contrary to Appellant's argument on appeal, we find that his potential conviction for the original drug trafficking charge would have resulted in a mandatory-maximum sentence.  On the other hand, Appellant correctly argues that the state erred at the sentencing hearing when it argued his conviction for the original charge would have resulted in his classification as a "major drug offender," as that term is statutorily defined. However, the record reflects that the trial court's decision to impose the maximum sentence was predicated in its entirety on Appellant's lengthy criminal record, his failure to respond to lesser sanctions in the past, and his lack of good-faith effort during numerous prior diversion programs.  As a consequence, we find that Appellant suffered no prejudice as a result of the state's error.  For the foregoing reasons, Appellant's conviction and sentence are affirmed.

## FACTS AND PROCEDURAL HISTORY

{¶3}    On June 4, 2020, Appellant was indicted for two counts of drug trafficking and four counts of possession of drugs.  Each of the counts was predicated upon a fentanyl-related compound on the following days and in the following amounts:

1. March 6, 2020 – trafficking in drugs in an amount equal to or exceeding fifty grams but less than 100 grams, in violation of R.C. 2925.03(A)(2), (C)(9)(g), a felony of the first degree;

2. March 6, 2020 – possession of drugs in an amount equal to or exceeding fifty grams but less than 100 grams, in violation of R.C. 2925.11(A), (C)(11)(f), a felony of the first degree;

3. November 22, 2019 – possession of drugs in an amount equal to or exceeding ten grams but less than twenty grams, in violation of R.C. 2925.11(A), (C)(11)(d), a felony of the second degree;

4. November 22, 2019 – trafficking in drugs in an amount equal to or exceeding ten grams but less than twenty grams, in violation of R.C. 2925.03(A)(2), (C)(9)(e), a felony of the second degree;

5. October 19, 2019 – trafficking in drugs in an amount equal to or exceeding one gram but less than five grams, in violation of R.C. 2925.03(A)(1), (C)(9)(c), a felony of the fourth degree;  and

6. October 29, 2019 – trafficking in drugs in an amount equal to or exceeding one gram but less than five grams, in violation of R.C. 2925.03(A)(1), (C)(9)(c), a felony of the fourth degree.

{¶4}  According to the pre-sentence report, the police investigation that ultimately led to Appellant's conviction commenced on October 21, 2019 and October 27, 2019, with two controlled drug buys of heroin in the amount of $300.00 each by a confidential informant.  As a result of laboratory testing of the drugs purchased on those dates, officers executed a search warrant at 1208B Indiana Street, Martins Ferry, Ohio, where Appellant was detained inside the residence with another individual.  The search yielded plastic bags of an unknown white substance.  The PSI contains no explanation of the original and amended counts one and two, which are alleged to have occurred on March 6, 2020.

{¶5}  On April 27, 2022, Appellant entered a guilty plea to the trafficking charge in count one, as amended by the plea agreement.  In exchange for Appellant's guilty plea, the state agreed to reduce the amount of drugs charged in count one, from an amount equal to or exceeding 50 grams but less than 100 grams in violation of R.C. 2925.03(A)(2), (C)(9)(g), to an amount equal to or exceeding 25 grams but less than 50 grams in violation of R.C. 2925.03(A)(2), (C)(9)(f).  Although both crimes are first-degree

Case No. 22 BE 0028

felonies, the subsection (g) charge carries a mandatory maximum prison sentence, whereas the amended subsection (f) charge carries a mandatory sentence ranging from three years to eleven years.  At the plea hearing, the state moved to dismiss all of the remaining counts.

{¶6}    The written plea agreement provides the negotiated agreement between the parties and reads, in relevant part:

1)  Amend count 1 to reflect a violation of 2925.03(A)(2), (C)(9)(f) which is still a felony of the first degree.  The maximum penalty is still 11 years and there is still a mandatory prison sentence.  However, because of the amendment, the charge does not carry a mandatory maximum sentence.

2)  Dismiss Counts II, III, IV, V, and VI.

3)  Parties can make any argument for any sentence, including the maximum sentence, that they believe to be appropriate.  The State can argue that the dismissal of charges should be considered a reason for a higher sentence.

(4/27/22 Plea Agreement, p. 5.)

{¶7}    The record clearly reflects that Appellant entered his plea to the amended charge based on the trial court's discretion in sentencing on the subsection (f) crime:

THE DEFENDANT: So [I am] saying he about [sic] to give me 11, you say?

MR. LIPPERT:  No. [We are] arguing sentencing in a couple of weeks.

THE DEFENDANT:  What [I am] saying, right now at this point, what – you know, he [cannot] give me no choice but 11 years [you are] saying.

MR. LIPPERT:  No. He can give you anywhere from 3 to 11.

THE DEFENDANT:  Okay.  All right. I understand.  [That is] what we talked about.  I thought you said he had to give me 11.

(4/27/22 Plea Hrg., p. 4.)

{¶8}   At the sentencing hearing on May 16, 2022, the state advanced the following argument in favor of the imposition of the maximum sentence:

> First of all, if the Court takes note of the Defendant's criminal history, including prior drug offenses; No. 2, the Court cannot loose [sic] sight of the fact that the defendant was trafficking in fentanyl.  Despite the fact that we see or watch [television] and we find all these overdoses, "over" is actually misleading to some extent, because most of the overdose findings that we have had is because of the drug being mixed with fentanyl.

> Furthermore, the defendant – his quantity of fentanyl required an 11-year sentence; however, in order to facilitate a Plea Agreement, the State of Ohio and the Defendant agreed that the weight would be under the necessary level for a major drug offender specification.  Nonetheless, the State has reserved the right in the sentence – or excuse me, in the Plea Agreement form, to argue not only relative to the dismissal of the other charges, but also to argue for the weight that the Defendant had.  Again, that weight was a major quantity.

> And finally, it cannot be lost on the fact – or lost on this Court that the Defendant absconded while under this Court's jurisdiction, even under a bond, in 2020, and was just recently cap – recaptured, excuse me.

(5/16/22 Sentencing Hrg., p. 2-3.)

{¶9}   Defense counsel argued in favor of the minimum sentence of three years. He reasoned that Appellant would be close to the age of sixty upon his release.  Defense counsel further asserted that Appellant's advanced age (56) and his absence from the drug trade for three years would render him an unlikely candidate to resume the sale of drugs after his release from prison.  During his allocution, Appellant requested leniency due to the fact that roughly fifteen years had elapsed since his last drug conviction.

{¶10}  The trial court imposed the maximum sentence for a first-degree felony,

eleven to sixteen-and-a-half years. The trial court predicated the sentence on the following findings pursuant to R.C. 2929.12(B) and (D) in the judgment of conviction:

(1) The Defendant has a history of criminal adult convictions, including two (2) counts of Drunk & Disorderly; failure to Disclose Personal Information; Battery of a Police Officer; two (2) counts OVI; Driving While License Revoked; Possession of Marijuana; two (2) Resisting Arrest; six (6) counts Disorderly Conduct; Robbery; Having Weapons While on Disability; Felonious Assault; Possession of Drugs with Firearm Specification; Fleeing; Preparation of Drugs for Sale; Possession of Drugs; Assault w/ Police Officer Spec.; Drug Abuse; Failure to Comply with Order, Signal of Police Officer; Carrying a Concealed Weapon; Attempt Drug Abuse;

(2) Defendant has not responded to sanctions previously imposed; and

(3) Defendant has demonstrated a pattern of criminal activity without a "good faith" attempt at treatment or change of lifestyles, as evidence by a history of unsuccessful participation in <u>multiple</u> diversion programs in multiple jurisdictional courts and his criminal conviction record.

(Emphasis in original)(5/17/22 J.E., p. 2.)

{¶11} This timely appeal followed. The assignments of error are grouped together and taken out of order for clarity of analysis.

## <u>ASSIGNMENT OF ERROR NO. 1</u>

**APPELLANT'S GUILTY PLEA WAS NOT KNOWINGLY, VOLUNTARILY, AND INTELLIGENTLY MADE, BECAUSE APPELLANT WAS ERRONEOUSLY INFORMED THAT COUNT ONE OF THE ORIGINAL INDICTMENT, A VIOLATION OF R.C. 2925.03(A)(2), (C)(9)(G), CARRIED A MANDATORY MAXIMUM SENTENCE, PRIOR TO APPELLANT ENTERING HIS GUILTY PLEA THE AMOUNT OF THE CONTROLLED SUBSTANCE WITH WHICH APPELLANT WAS CHARGED IN THE**

**ORIGINAL INDICTMENT WOULD HAVE CARRIED A MANDATORY MAXIMUM SENTENCE WHEN IT DID NOT, IN VIOLATION OF APPELLANT'S RIGHT TO DUE PROCESS UNDER THE FIFTH AND FOURTEENTH AMENDEMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.**

## ASSIGNMENT OF ERROR NO. 2

**THE FAILURE OF APPELLANT'S TRIAL COUNSEL TO INFORM APPELLANT THAT COUNT ONE OF THE ORIGINAL INDICTMENT, A VIOLATION OF R.C. 2925.03(A)(2), (C)(9)(G), DID NOT CARRY A MANDATORY MAXIMUM SENTENCE, PRIOR TO APPELLANT ENTERING HIS GUILTY PLEA, CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF APPELLANT'S RIGHT TO COUNSEL UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.**

## ASSIGNMENT OF ERROR NO. 4

**APPELLANT'S SENTENCE WAS CONTRARY TO LAW BECAUSE THE TRIAL COURT IMPROPERLY CONSIDERED THE STATE'S ERRONEOUS STATEMENT OF LAW INDICATING THAT THE AMOUNT OF THE CONTROLLED SUBSTANCE WITH WHICH APPELLANT WAS CHARGED, IN THE ORIGINAL INDICTMENT, WOULD HAVE CARRIED A MANDATORY MAXIMUM SENTENCE.**

{¶12} Appellant's first, second, and fourth assignments of error are predicated upon an argument of law, that is, a conviction under R.C. 2925.03(A)(2), (C)(9)(g) does not require the imposition of a mandatory sentence of eleven to sixteen-and-a-half years. Appellant's argument is based upon his interpretation of R.C. 2929.14, captioned "Prison terms." Subsection (B)(2)(b) reads in its entirety:

Case No. 22 BE 0028

The court shall impose on an offender the longest prison term authorized or required for the offense or, for offenses for which division (A)(1)(a) or (2)(a) of this section applies, the longest minimum prison term authorized or required for the offense, and shall impose on the offender an additional definite prison term of one, two, three, four, five, six, seven, eight, nine, or ten years if all of the following criteria are met:

(i) The offender is convicted of or pleads guilty to a specification of the type described in section 2941.149 of the Revised Code that the offender is a repeat violent offender.

(ii) The offender within the preceding twenty years has been convicted of or pleaded guilty to three or more offenses described in division (CC)(1) of section 2929.01 of the Revised Code, including all offenses described in that division of which the offender is convicted or to which the offender pleads guilty in the current prosecution and all offenses described in that division of which the offender previously has been convicted or to which the offender previously pleaded guilty, whether prosecuted together or separately.

(iii) The offense or offenses of which the offender currently is convicted or to which the offender currently pleads guilty is aggravated murder and the court does not impose a sentence of death or life imprisonment without parole, murder, terrorism and the court does not impose a sentence of life imprisonment without parole, any felony of the first degree that is an offense of violence and the court does not impose a sentence of life imprisonment without parole, or any felony of the second degree that is an offense of violence and the trier of fact finds that the offense involved an attempt to cause or a threat to cause serious physical harm to a person or resulted in serious physical harm to a person.

Appellant argues that neither the original charge nor the amended charge in count one meets the foregoing criteria.

Case No. 22 BE 0028

{¶13} However, R.C. 2925.03, captioned "Trafficking offenses," reads in relevant part:

(C) Whoever violates division (A) of this section is guilty of one of the following:

* * *

(9) If the drug involved in the violation is a fentanyl-related compound or a compound, mixture, preparation, or substance containing a fentanyl-related compound and division (C)(10)(a) of this section does not apply to the drug involved, whoever violates division (A) of this section is guilty of trafficking in a fentanyl-related compound. The penalty for the offense shall be determined as follows:

* * *

(f) If the amount of the drug involved equals or exceeds two hundred unit doses but is less than five hundred unit doses or *equals or exceeds twenty grams but is less than fifty grams* and regardless of whether the offense was committed in the vicinity of a school, in the vicinity of a juvenile, or in the vicinity of a substance addiction services provider or a recovering addict, trafficking in a fentanyl-related compound is a felony of the first degree, and the court shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the first degree.

(g) If the amount of the drug involved equals or exceeds five hundred unit doses but is less than one thousand unit doses or *equals or exceeds fifty grams but is less than one hundred grams* and regardless of whether the offense was committed in the vicinity of a school, in the vicinity of a juvenile, or in the vicinity of a substance addiction services provider or a recovering addict, trafficking in a fentanyl-related compound is a felony of the first degree, and the court shall impose as a mandatory prison term the maximum prison term prescribed for a felony of the first degree.

(h) If the amount of the drug involved equals or exceeds one thousand unit doses or *equals or exceeds one hundred grams* and regardless of whether the offense was committed in the vicinity of a school, in the vicinity of a juvenile, or in the vicinity of a substance addiction services provider or a recovering addict, trafficking in a fentanyl-related compound is a felony of the first degree, the offender is a major drug offender, and the court shall impose as a mandatory prison term the maximum prison term prescribed for a felony of the first degree.

(Emphasis added.)

**{¶14}** Pursuant to R.C.2929.14(A)(1)(b), "[f]or a felony of the first degree committed prior to the effective date of this amendment, the prison term shall be a definite prison term of three, four, five, six, seven, eight, nine, ten, or eleven years."

**{¶15}** A plain reading of R.C. 2925.03(C)(9) establishes that a conviction for trafficking fentanyl in an amount equal to or greater than 50 grams but less than 100 grams results in the imposition of a mandatory prison term of the maximum prison term prescribed for a felony of the first degree, that is, eleven to sixteen-and-a-half years.

**{¶16}** Appellant was originally charged with trafficking fentanyl in an amount equal to or greater than 50 grams but less than 100 grams. Therefore, the state did not err in informing Appellant that a conviction under the original charge would require the imposition of a mandatory-maximum prison term prescribed for a felony of the first degree. As a consequence, Appellant's first, second, and fourth assignments of error are meritless.

**ASSIGNMENT OF ERROR NO. 3**

**APPELLANT'S SENTENCE WAS CONTRARY TO LAW BECAUSE THE TRIAL COURT IMPROPERLY CONSIDERED THE STATE'S ERRONEOUS STATEMENT OF LAW INDICATING THAT THE AMOUNT OF THE CONTROLLED SUBSTANCE WITH WHICH APPELLANT WAS CHARGED, IN THE ORIGINAL INDICTMENT, CARRIED A MAJOR DRUG OFFENDER SPECIFICATION UPON CONVICTION.**

Case No. 22 BE 0028

**{¶17}** "[A]n appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1.

**{¶18}** The state advanced the following argument based on the original charge in count one at the sentencing hearing:

> Furthermore, the defendant – his quantity of fentanyl required an 11-year sentence; however, in order to facilitate a Plea Agreement, the State of Ohio and the Defendant agreed that the weight would be under the necessary level for a major drug offender specification. Nonetheless, the State has reserved the right in the sentence – or excuse me, in the Plea Agreement form, to argue not only relative to the dismissal of the other charges, but also to argue for the weight that the Defendant had. Again, that weight was a major quantity.

**{¶19}** R.C. 2925.03(C)(2)(h), reads, in its entirety:

> If the amount of the drug involved equals or exceeds one thousand unit doses or *equals or exceeds one hundred grams* and regardless of whether the offense was committed in the vicinity of a school, in the vicinity of a juvenile, or in the vicinity of a substance addiction services provider or a recovering addict, trafficking in a fentanyl-related compound is a felony of the first degree, the offender is a major drug offender, and the court shall impose as a mandatory prison term the maximum prison term prescribed for a felony of the first degree.

(Emphasis added.)

**{¶20}** "It is well established that sentencing courts may consider arrests and even prior allegations that did not result in conviction before imposing sentence." *State v. Craig*, 7th Dist. Belmont No. 18 BE 0001, 2019-Ohio-1092, ¶ 9, citing *State v. Martin*, 7th Dist. Mahoning No. 16 MA 0160, 2018-Ohio-862, ¶ 7; *State v. Hutton*, 53 Ohio St.3d 36, 43, 559 N.E.2d 432 (1990). However, the state mischaracterized the original charge in count

one, which alleged trafficking in fentanyl in an amount equal to or exceeding 50 grams but less than 100 grams. Therefore, even if Appellant was convicted of the original charge in count one, the major drug offender specification would not apply. Further, if Appellant was convicted on every count in the Indictment, it is not clear from the record whether the major drug offender specification would apply.

**{¶21}** On appeal, the state concedes its error at the sentencing hearing, but correctly argues that Appellant suffered no prejudice based on the trial court's stated rationale for imposing the maximum sentence in the judgment of conviction. The trial court cited Appellant's lengthy criminal history, his failure to respond to previously-imposed sanctions, and his unsuccessful participation in countless diversion programs, but made no mention of his criminal activity in this particular case.

**{¶22}** Insofar as there is no evidence in the record that the trial court predicated the maximum sentence imposed in this case on the state's error at the sentencing hearing, we find that Appellant's third assignment of error has no merit.

## CONCLUSION

**{¶23}** In summary, we find that the state did not err during plea negotiations when it represented that the original charge in count one carried a mandatory-maximum sentence upon conviction. We further find that the state's error at the sentencing hearing regarding the applicability of the major drug offender specification to the original charge in count one did not prejudice Appellant as the trial court relied on other factors in imposing the maximum sentence. Accordingly, Appellant's conviction and sentence are affirmed.

Robb, J., concurs.

Hanni, J., concurs.

Case No. 22 BE 0028

---

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Belmont County, Ohio, is affirmed.  Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure.  It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**